UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ANDREW H. PARKS ,

        Plaintiff,

        Case No. 2:25-cv-105

v.

        Hon. Hala Y. Jarbou

DONALD LORENDO,

        Defendant.
_____/

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*.

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendants Rewerts and White. The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will

also deny Plaintiff leave to serve the requests to admit attached to Plaintiff's complaints (ECF No. 1, PageID.18), which the Court will construe as a motion for discovery.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. On February 5, 2024, Plaintiff filed the present pleadings, which appear to contain two separate complaints. The first complaint concerns events that occurred at AMF. (ECF No. 1, PageID.1–5.) In that complaint, Plaintiff sues AMF Housing Unit Officer Donald Lorendo. Plaintiff's second "complaint for damages w/ jury demand" concerns events that took place at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. (*Id.*, PageID.6.) In his second complaint, Plaintiff sues DRF Warden R. Rewerts and Housing Unit Officer Unknown White. (*Id.*)

#### A.  First Complaint

In his first set of factual allegations, Plaintiff alleges that Defendant Lorendo filed a false misconduct charge against Plaintiff on October 24, 2024. (ECF No. 1, PageID.2.) As a result of the misconduct, Plaintiff was placed on "non-bondable confinement" and, as a result, denied the "privileges afforded to a prisoner in a level five classification" for "weeks." (*Id.*, PageID.3.) Plaintiff alleges that Defendant Lorendo's actions were done in retaliation for Plaintiff having filed grievances in the past. (*Id.*) Plaintiff also brings claims for violation of his Fourteenth Amendment rights to due process and equal protection. (*Id.*, PageID.3–4.)

As a result of the false misconduct described Plaintiff seeks injunctive and monetary relief. (*Id.*, PageID.3–5.)

### B.     Second Complaint

In Plaintiff's second set of factual allegations, Plaintiff alleges that Defendant White falsely charged Plaintiff with misconduct on January 6, 2024. (ECF No. 1, PageID.8.) During the time that he was awaiting a hearing, he was denied privileges, including use of the law library, call outs, mental health services, and a food package. (*Id.*, PageID.9.) Plaintiff "ultimately beat" the misconduct on January 17, 2024. (*Id.*, PageID.8.)

Plaintiff alleges that he was issued a second false misconduct by James Eerdsman in April 2024. (*Id.*, PageID.10.) As a result, he was again denied various privileges, including a food package, call outs, and telephone calls with family. (*Id.*)

Plaintiff further alleges that he was denied requests for shower shoes and "hygiene" on repeated occasions, and that "officers" used derogatory and degrading language against him. (*Id.*, PageID.11–12.)

As a result of the actions described in Plaintiff's second complaint, Plaintiff seeks monetary relief. (*Id.*, PageID.14.)

## II.    Misjoinder

Plaintiff names three Defendants in his lists of parties and describes two categories of events: the first pertaining to events that took place and AMF, and the second concerning events that took place at DRF. At this stage, the Court must address whether these Defendants and claims are properly joined in a single lawsuit.

### A.     Improper Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

3

>   [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party.

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

>   Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
>   Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("Unrelated claims against different defendants belong in different suits. A district judge necessarily has considerable discretion in applying Rules 18 and 20. The rules operate independently because Rule 20 contains limitations that Rule 18 does not, and the Rule 20 inquiry comes first." (cleaned up)).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*,

4

661 F. Supp. 2d at 778 (quoting *Garcia v. Munoz*, No. Civ. A. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008)). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> . . . A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

5

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions. Furthermore, he would avoid the consequences of filing at least three actions with all claims dismissed as meritless, frivolous, or for failure to state a claim. Courts are obligated to reject misjoined complaints like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Lorendo is the only Defendant listed in the caption of Plaintiff's first "complaint" (ECF No. 1, PageID.1) and in Plaintiff's first list of parties (*id.*, PageID.2), and is the first Defendant discussed within Plaintiff's pleading generally (*see id.*, PageID.3–5). Plaintiff describes that Defendant Lorendo issued a false misconduct charge against Plaintiff on October 24, 2024, while Plaintiff was housed at AMF.

However, Plaintiff has not alleged any facts that would support an inference that Plaintiff's claims against Defendants Rewerts and White for actions taken while Plaintiff was housed at DRF are in any way connected to Defendant Lorendo's October 24, 2024, misconduct charge. Plaintiff has, therefore, improperly joined Defendants Rewerts and White.

**B.     Remedy**

Because the Court has concluded that Plaintiff has improperly joined Defendants Rewerts and White, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." *Id.* Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989))); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co.*

6

*v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Plaintiff's allegations against Defendants Rewerts and White concern events that took place in 2024. Therefore, Plaintiff's allegations provide no indication that the statute of limitations has or will run on Plaintiff's claims against misjoined Defendants Rewerts and White. Thus, Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if his claims against misjoined Rewerts and White are dismissed without prejudice.

7

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Rewerts and White because they are misjoined. The Court will dismiss Plaintiff's claims against Defendants Rewerts and White without prejudice to the institution of a new, separate lawsuit or lawsuits.[1]

## III.   Motion for Discovery

In his pleading, Plaintiff includes requests to admit (ECF No. 1, PageID.18), which the Court will construe as a motion for discovery. Because these requests concern the events that took place at DRF and his claims against the misjoined Defendants, which will be dismissed, the Court will deny Plaintiff's motion for discovery.

## IV.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

---

[1] If Plaintiff wishes to proceed with his claims against one or more of the misjoined Defendants, he may do so by filing new civil action(s) on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fees or applying in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined. Plaintiff is advised that simply because separate and discrete events occurred during Plaintiff's incarceration at a particular correctional facility does mean that all claims arising out of these events are properly joined.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment Retaliation

Plaintiff alleges that Defendant Lorendo falsely charged Plaintiff with misconduct in retaliation for Plaintiff having filed grievances in the past. (ECF No. 1, PageID.3.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness

9

from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

An inmate has a right to submit "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018). However, even assuming that Plaintiff has satisfied the first and second elements of a retaliation claim, Plaintiff's claims falter at the element of causation.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive).

Nothing within Plaintiff's complaint plausibly suggests that Defendant Lorendo's actions in issuing Plaintiff a misconduct charge were related to Plaintiff's past grievances. Plaintiff has not alleged any facts from which the Court can infer that Defendant Lorendo bore any retaliatory

10

animus toward Plaintiff in response to Plaintiff's protected activity. While the Court accepts as true that Defendant Lorendo took an unfavorable action against Plaintiff, it simply cannot infer anything about his motivation from the vague allegations in Plaintiff's complaint. Plaintiff instead appears to ask this Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. It is Plaintiff's obligation at this stage in the proceedings to plead enough factual content to permit the Court to draw a reasonable inference that Defendants acted with retaliatory intent. *See Iqbal*, 556 U.S. at 679. Plaintiff has not met his initial burden. Therefore, the Court will dismiss Plaintiff's retaliation claim.

      **B.**      **Fourteenth Amendment Equal Protection Claims**

Plaintiff alleges that Defendant Lorendo also violated Plaintiff's right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Village of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff's complaint contains no facts or allegations to support his equal protection claim. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere

conclusory statements."). Plaintiff has not identified a single similarly situated comparator. Instead, any allegations of discriminatory treatment are wholly conclusory. As discussed above, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Equal Protection claims will be dismissed.

        **C.**      **Fourteenth Amendment Procedural Due Process Claims**

Plaintiff alleges that Defendant Lorendo violated Plaintiff's Fourteenth Amendment right to due process. (ECF No. 1, PageID.3.) The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Plaintiff alleges that, because of the false misconduct, Plaintiff was placed on "non-bondable confinement" and, as a result, denied the "privileges afforded to a prisoner in a level five classification" for "weeks." (ECF No. 1, PageID.3.) The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

First, Plaintiff does not specify whether he was found guilty of the false misconduct charge. He alleges only that he was placed on "non-bondable confinement." (ECF No. 1, PageID.3.) A non-bondable misconduct is a misconduct identified as "[a]ctions by the prisoner that are considered a threat to the safety or security of others or to property; or [a]ctions that are so disruptive to normal prison operations that they require the charged prisoner to be confined separately from the facility's general population pending the outcome of the misconduct hearing." MDOC Policy Directive 03.03.105.A.6 (eff. Aug. 26, 2024). Therefore, it appears that Plaintiff disputes his confinement to segregation pending a hearing on the misconduct issued by Defendant Lorendo.

To the extent that the misconduct charge was dismissed, there is "no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003). "Due process of law requires only that the person have the opportunity to convince an unbiased decision maker that he has been wrongly or falsely accused or that the evidence against him is false." *Onumonu v. Mich. Dep't of Corr.*, No. 1:21-cv-33, 2021 WL 972809, at *3 (W.D. Mich. Mar. 16, 2021); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (agreeing that an inmate's misconduct proceedings did not implicate a protected liberty interest because he was found not guilty); *Barlow v. Dominguez*, No. 98-2414, 1999 WL 1045174, at *1 (6th Cir. Nov. 9, 1999) (noting that the inmate's "due process rights were protected when, at an administrative hearing concerning the ticket, [the inmate] was found not

13

guilty and the ticket was dismissed"). Plaintiff may not bring a due process claim if he was ultimately found not guilty of the falsified misconduct.

However, regardless of the finding, the allegations of Plaintiff's complaint reveal that Plaintiff's misconduct charge did not fall into either of the categories identified in *Sandin* as sanctions that cannot be imposed without due process, that is, those having an inevitable effect on the duration of Plaintiff's sentence or imposing an atypical and significant hardship. As to the first category, Plaintiff has not alleged a deprivation that will inevitably affect the duration of his sentence. A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000,[2] can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011).

As to the second category, Plaintiff has not alleged that he suffered a "significant and atypical deprivation." Plaintiff alleges that he was placed in segregation for "weeks" because of the falsified misconduct report. (ECF No. 1, PageID.3.) Confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine

---

[2] *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=865693 (last visited June 24, 2025).

whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph*, 410 F. App'x at 868 (61 days in segregation is not atypical and significant). It has also held, in specific circumstances, that confinement in segregation for a much longer period does not implicate a liberty interest. *See, e.g.*, *Jones*, 155 F.3d at 812–13 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). Generally, only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest).

Here, Plaintiff report that he spent "weeks" in segregation because of the falsified misconduct report. By the terms of *Sandin* itself, the deprivations suffered by Plaintiff were neither atypical nor significant. Plaintiff's allegations therefore fail to implicate a liberty interest. Plaintiff's due process claims concerning the falsified misconduct report and stay in segregation will be dismissed.

### D. Fourteenth Amendment Substantive Due Process Claims

Finally, Plaintiff alleges that Defendant Lorendo violated Plaintiff's right to substantive due process. He identifies retaliatory conduct and the issuance of false misconduct charges. Each of those allegations falls directly under one of the constitutional violations addressed above. "Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this context, Plaintiff § 1983 claims are governed by the specific constitutional amendments discussed in detail above. Therefore, the Court will dismiss Plaintiff's Fourteenth Amendment substantive due process claims.

Moreover, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Plaintiff's allegations fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim. Consequently, for this reason as well, the Court will dismiss Plaintiff's substantive due process claim.

**Conclusion**

Pursuant to Rule 21, the Court determines that Defendants Rewerts and White will be dropped as misjoined and the Court will dismiss Plaintiff's claims against these Defendants without prejudice pursuant to Rule 21. The Court will deny Plaintiff's motion for discovery.

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An order and judgment consistent with this opinion will be entered.

Dated: June 30, 2025                                /s/ Hala Y. Jarbou
                                                    HALA Y. JARBOU
                                                    CHIEF UNITED STATES DISTRICT JUDGE